UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LINDA WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4788** |
| **U.S. SECURITY ASSOCIATES STAFFING, INC, et al.** | **SECTION: "G"(1)** |

## ORDER

In this litigation, Plaintiff Linda Williams ("Williams") brings claims against Defendant U.S. Security Associates, Inc. ("U.S. Security") under the Civil Rights Act of 1991, the Civil Rights Act of 1964, Louisiana anti-discrimination laws, and Louisiana anti-retaliation laws, alleging that she was unlawfully terminated from her employment because of her race.[1] She also brings a claim against Defendant PHI, Inc. under Louisiana's anti-retaliation laws.[2] Before the Court is PHI's "Motion for Judgment on the Pleadings, or in the alternative, Motion for Summary Judgment."[3] PHI asserts that in her complaint, Williams "does not allege that she was ever an employee of PHI or that PHI committed a violation of any state law."[4] Plaintiff has filed no opposition to the pending motion, and at a January 16, 2014 status conference, Plaintiff confirmed that the motion is unopposed.[5]

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[6] "A motion

---

[1] Rec. Doc. 1 at ¶ 2.

[2] *Id.*

[3] Rec. Doc. 14.

[4] Rec. Doc. 14-1 at p. 1.

[5] Rec. Doc. 22.

[6] Fed. R. Civ. P. 12(c).

brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[7] "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[8] On a 12(c) motion, "[p]leadings should be construed liberally," and judgment is "appropriate only if there are no disputed issues of fact and only questions of law remain."[9]

Louisiana Revised Statute § 23:967 was enacted "to prohibit acts by an employer against an employee for intended or actual disclosure of a workplace act or practice in violation of law."[10] Subsection A of that statue provides that:

> An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
>
> (1)    Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
>
> (2)    Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
>
> (3)    Objects to or refuses to participate in an employment act or practice that is in violation of law.[11]

---

[7] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal citations omitted).

[8] *Id.* (internal citations omitted).

[9] *Id.* (internal citations omitted).

[10] 1997 La. Sess. Law Serv. Act 1104 (West).

[11] La. R.S. § 23:967.

Under Louisiana law, the definition of "employer" "focuses on the issue of *which entity pays the employee* and there is no corresponding Louisiana jurisprudence holding Louisiana's focus in the context of employer status is the issue of control, as it is under the federal scheme."[12]

Nowhere in her complaint does Williams allege that PHI was her employer or that PHI was the entity that paid her. Indeed, the complaint identifies U.S. Security as Williams's employer, stating "Plaintiff began her employment with U.S. Security Staffing, Inc. in November 2011."[13]

Given that the complaint indicates that PHI was not Williams's employer for the purposes of Louisiana's anti-retaliation law, and the fact that PHI's motion is unopposed,[14] the Court finds that that Williams does not state a valid claim for relief against PHI. Accordingly,

**IT IS HEREBY ORDERED** that PHI's Motion for Judgment on the Pleadings, or in the alternative, Summary Judgment, is **GRANTED.**

**NEW ORLEANS, LOUISIANA**, this  17th day of January, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[12] *Johnson v. Hosp. Corp. of Am.*, F. Supp. 2d 678, 693 (W.D. La. 2011) (emphasis in original); *see also Seal v. Gateway Companies, Inc.*, No. 01-1322, 2002 WL 10456 at *4 (E.D. La. Jan. 3, 2002) (Engelhardt, J.); *Duplessis v. Warren Petroleum, Inc.*, 672 So. 2d 1018, 1022–23 (La. Ct. App. 1996).

[13] Rec. Doc. 1 at ¶ 6.

[14] Rec. Doc. 22.